UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



_____

BROOKLYN AC-DELCO, INC., f/k/a
AC-DELCO CARS, INC. and
TD OPTICAL DESIGN LTD.,

                              Plaintiffs,

          -against-

DAC VISION NORTH AMERICA, INC. and
CHEMAT TECHNOLOGY, INC.,

                             Defendants.
_____

**MEMORANDUM
ORDER AND JUDGMENT**

15-CV-1333 (JBW) (SMG)

**JACK B. WEINSTEIN, Senior United States District Judge:**

This is a suit over an alleged failure to repair, in 2014 by a company doing business in California, a digital lens surfacing lathe, manufactured in California in 2005 or 2006 by another firm doing business in California. The product was used solely in Kiev, Ukraine.

    I.     <u>DAC Motion</u>

Defendant, DAC Vision North America, Inc. moves to dismiss on the ground that it had nothing to do with the events in question. Documents and counsels' submissions and argument establish that the equipment was manufactured in 2005 by a non-party, DAC International, Inc., in California. *See* hearing transcript July 20, 2015. It was shipped by the manufacturer from California to Kiev, and delivered in 2006. The equipment apparently broke down in the Ukraine in 2014 after some years of use. Id.



1

The contractual warranty was for one year. Id. It is too late to substitute a new defendant on a ground to be asserted against another party for breach of warranty. Under ruling California law a breach of warranty claim has a four year statute of limitations. *See* UCC 2-725, Cal. Civ. Proc. Code §2725.

Permission to submit an amended complaint is denied. In view of the statute of limitations an amendment would serve no purpose.

The complaint filed against DAV Vision North America, Inc. is dismissed. No costs or disbursements are awarded.

II. Chemat Motion

Defendant Chemat Technology, Inc., a California-based company to which plaintiff turned to for repairs in 2014, moves to dismiss. Its ground is lack of personal jurisdiction in New York. Alternatively, it seeks transfer to the Central District of California where it conducts its business. *See* 28 U.S.C. §§ 1404(a), 1406(a). It was to Chemat's address in that district that plaintiff sent damaged parts for repair.

Chemat has no general contacts or specific contacts related to this dispute in New York which would individually or together support New York personal jurisdiction over this defendant. *See* N.Y.CPLR § 302.

Defendant Chemat has agreed to deem the complaint served in California, with personal jurisdiction over Chemat in that district. *See* hearing transcript July 20, 2015.

The motion by Chemat to transfer the case to the Central District of California is granted for the convenience of witnesses. *See* 28 U.S.C. §§ 1404(a), 1406(a).

The Clerk of the Court shall transfer this case to the Middle District of California.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: July 20, 2015
Brooklyn, New York