UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-15-5744-MWF (PLAx) | Date:  March 8, 2017 |
| Title:    Brooklyn AC-Delco, Inc. et al. -v- DAC International, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER DISMISSING ACTION WITH PREJUDICE

    Plaintiffs are corporations or other business organizations.  Plaintiffs were warned by their prior lawyers that Plaintiffs needed to find new lawyers or this action would be dismissed.  After the lawyers successfully obtained leave to withdraw, this Court provided ample time to Plaintiffs to retain new lawyers and warned Plaintiffs that failure to do so would result in dismissal.  Plaintiffs have not retained new lawyers by the Court-ordered deadline.  Therefore, this Court has no choice but to dismiss this action with prejudice.

    The Court granted Plaintiffs' prior lawyers' Motion to Withdraw on January 17, 2017.  (Docket No. 106).  In that Order the Court warned,

> Plaintiffs are **ORDERED** to file a Notice of Appearance of new counsel on or before **February 7, 2017**.  Failure to do so shall be deemed a failure to participate in the action.  The sanction shall be dismissal of the action.  A corporation may not appear pro se or through its officers, but through a lawyer only.  Accordingly, failure to hire substitute counsel will result in dismissal of the action.

(*Id.*).  Subsequently, Plaintiffs asked for a continuance of the February deadline, which was granted.  (Docket Nos. 108-109).  Plaintiffs were given a new deadline of March 7, 2017.  That deadline has come and gone without a new appearance being filed.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-5744-MWF (PLAx)            Date:  March 8, 2017
Title:  Brooklyn AC-Delco, Inc. et al. -*v*- DAC International, Inc., et al.

     In the request for a continuance Plaintiffs' outside counsel in New York, Mikhail Ratner, stated a local firm had shown interest in taking the case. That firm never filed a notice of appearance and Plaintiffs have filed nothing else since the February request for a continuance.

     The basic rule is that a corporation must appear in federal court through counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court). Plaintiffs' prior counsel warned Plaintiffs' outside counsel in New York that he would be withdrawing as counsel as early as August 2016. (Docket No. 106 at 1). Nonetheless, Plaintiffs have failed to acquire new counsel by the court-imposed deadline. Therefore, the action must be dismissed.

     This dismissal can be viewed in various ways. For example, it can be viewed, under Ninth Circuit case law, as the inevitable result of the requirement for a business entity to be represented by counsel. *See Ringgold Corp. v. Worrall*, 880 F. 2d 1138, 1142 (9th Cir. 1989) (upholding dismissal of affirmative claims and grant of default judgment on counterclaims after attorney withdrew and company failed to retain new counsel or appear for pretrial conferences); *Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000-01 (9th Cir. 2007) (upholding default judgment after corporation failed to hire an attorney following withdrawal); *Galtieri-Carlson v. Victoria M. Morton Enters., Inc.*, No. 2:08–cv–01777 FCD-KJN-PS, 2010 WL 3386473, at *3 (E.D. Cal. 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel).

     This dismissal can be viewed as an appropriate sanction for violation of the Local Rules of the Central District of California. Local Rule 83-2.2.2 explicitly requires organizations (including corporations) to appear through counsel. Local Rule 83-2.2.4 explicitly warns that failure to obey the Local Rules on attorney representation may be a ground for dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV-15-5744-MWF (PLAx)            **Date:**  March 8, 2017
**Title:**  Brooklyn AC-Delco, Inc. et al. -*v*- DAC International, Inc., et al.

This dismissal can also be viewed as the appropriate sanction for failure to prosecute this action. As a general matter, district courts may dismiss actions for failure of prosecution under Federal Rule of Procedure 41(b). *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court). In determining whether dismissal is appropriate, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (setting forth the governing standard).

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissing Plaintiffs' claims. Plaintiffs have had several months to retain new counsel, and yet failed to do so even after the Court prior counsel warned them that they could not proceed *pro se*.

The third factor—prejudice to the opposing parties—also weighs against Plaintiffs. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute the action diligently. *Eisen*, 31 F.3d at 1452–53 ("The law presumes injury from unreasonable delay.") (citation omitted). That presumption may be rebutted if the plaintiff proffers an excuse for delay. *Id.* Plaintiffs have failed to come forward with any excuses that would justify delaying this action further.

The fourth factor—public policy in favor of deciding cases on their merits—weighs against dismissal. It is Plaintiffs' responsibility, however, to move the action toward resolution at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Because Plaintiffs have failed to discharge that responsibility, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV-15-5744-MWF (PLAx) | Date:  March 8, 2017 |
| Title:       Brooklyn AC-Delco, Inc. et al. -v- DAC International, Inc., et al. | |

public policy favoring resolution of disputes on the merits does not outweigh Plaintiffs' failure to prosecute.

The final factor—availability of less drastic sanctions—weighs in favor of dismissal. The Court has attempted to avoid outright dismissal by providing Plaintiffs an opportunity to retain new counsel within two months after prior counsels' withdrawal. Plaintiffs, however, have failed to comply with the OSC and ignored the Court's explicit warning that failure to retain counsel would result in dismissal with prejudice. *See also Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

Whether viewed as compliance with case law or as sanctioning a violation of court rules and orders or as a failure to prosecute, this dismissal is an appropriate exercise of this Court's authority. Fed. R. Civ. P. 41(b). Rule 41(b) provides that involuntary dismissals are on the merits, absent exceptions not applicable here. *Id.* Accordingly, this action is **DISMISSED** *with prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. The Court further **ORDERS** the Clerk to send copies of this Order to prior counsel at witkowlaw, a professional corporation, and Brandon J. Witkow, to be provided to Plaintiffs.

IT IS SO ORDERED.